This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36644**

**ANDREW NICHOLAS MAY,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant Andrew Nicholas May appeals from his conviction for larceny, contrary to NMSA 1978, Section 30-16-1 (2006). [RP 163-67] Unpersuaded by

Defendant's docketing statement, we entered a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition (MIO) to our notice. We remain unpersuaded and therefore affirm.

**{2}** In his docketing statement, Defendant raised one issue, arguing that the district court erred in denying his motion for a mistrial following the State's alleged violation of Rule 11-615 NMRA. [DS 5] Our notice, which proposed summary affirmance, set forth the relevant facts and the law that we believed controlled. In response, Defendant continues to argue that the conversation at issue in this case is the "functional equivalent" to a violation of Rule 11-615 and cannot be attributed to trial preparation. [MIO 10] Defendant also recognizes that however the issue is framed, whether reversal is required hinges on whether Defendant was prejudiced. [MIO 10] *See State v. Reynolds*, 1990-NMCA-122, ¶¶ 30-33, 111 N.M. 263, 804 P.2d 1082 (rejecting the defendant's contention that the district court should have granted a mistrial for violation of Rule 11-615, in part, because the defendant failed to explain how he would have benefitted if there had been no conversation between the witnesses). Defendant asserts prejudice insofar as "the officer was able to tailor his testimony" to supplement his investigation and therefore "overcome the defense's argument that he did not fully investigate this crime." [MIO 11]

**{3}** We are not persuaded. As we explained in our notice of proposed summary disposition, the information relayed to the officer consisted of the prosecutor's general

2

impressions of the testimony to that point. Through the conversation, the officer became aware that the defense would attack his investigation. Importantly, the officer was called by the defense, not the State. [MIO 10] Accordingly, Defendant had the ability to frame the officer's testimony in whatever way he deemed most beneficial to his case and fully explore any deficiencies with the officer's investigation on direct examination. There is nothing to indicate that the officer lied on the stand or that the prosecutor helped with how he phrased his testimony. Under these circumstances, we perceive no prejudice and therefore no abuse of discretion in the district court's decision not to declare a mistrial. *See State v. Lopez*, 1986-NMCA-094, ¶ 42, 105 N.M. 538, 734 P.2d 778 (explaining that "it is patently improper for a prosecutor to advise a witness to testify falsely or to phrase a witness' testimony," but where "there is no showing in the record that the witness testified falsely" then "[t]he record does not support the claim of improper coaching").

{4}     Accordingly, for the reasons set forth in our notice of proposed summary disposition and in this opinion, we affirm. In addition, we remand to the district court for the sole purpose of correcting the judgment and sentence as noted in this Court's notice of proposed summary dispostion.

{5}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

3

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**HENRY M. BOHNHOFF, Judge**

4